UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: JESUS TORRES.

1:24-CV-0411 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Jesus Torres, who is currently incarcerated in the Wende Correctional Facility ("Wende"), commenced the present *pro se* action by submitting a letter to this court while he was held in the Orange County Jail ("OCJ"). He then filed an additional five letters in this action – three sent from the OCJ, and two more, following his conviction, sent from the Elmira Correctional Facility ("Elmira").[1] In his letters, Torres names no defendants or respondents, but challenges his prosecution and conviction, his conditions of confinement in the OCJ prior to his conviction and in the Green Haven Correctional Facility ("Green Haven") after his conviction (before his transfers to Elmira, and then, from there, to Wende), and contests the actions of officials of what appears to be the Orange County Department of Social Services ("OCDSS") as to that agency's monitoring of his minor children; he seeks damages, the dismissal of his conviction, and "full parental custody." (ECF 10, at 2.)

The Court construes all of Torres's letters as constituting one original complaint, in which Torres asserts: (1) claims for damages, injunctive relief, and/or declaratory relief for violations of his federal constitutional rights, under 42 U.S.C. § 1983; (2) claims for *habeas*

---

[1] Under Rule 5.2(a)(2) and (3) of Federal Rules of Civil Procedure, court submissions may refer to an individual's date of birth only by referring to the individual's birth year, and to a minor child's name only by revealing the minor child's name's initials. One of Torres's letters reveals the full name and date of birth of at least one minor child. (ECF 10.) Because of that, and in abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to that letter to a "case participant-only" basis.

*corpus* relief challenging his state-court conviction and the associated sentence, under 28 U.S.C. § 2254; (3) claims under state law.

By order dated February 23, 2024, the Court granted Torres's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court grants Torres leave to file, within 60 days of the date of this order, **either:** (1) an amended complaint in which he asserts claims for damages, injunctive relief, and/or declaratory relief under 42 U.S.C. § 1983 and/or state law; **or** (2) an amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. He cannot do both.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen civil actions brought via complaints that are filed by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP civil action, or any portion of that action, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss such a civil action if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court may further entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing Section 2254 Cases, the Court has the authority to review

---

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

such a petition and deny such *habeas corpus* relief without ordering a responsive pleading from the State "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000).

The Court is obliged to construe *pro se* pleadings (civil complaints and *habeas corpus* petitions) liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, italics in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983) (discussion in the context of *habeas corpus* petitions). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

## DISCUSSION

**A.    Rule 20 of the Federal Rules of Civil Procedure**

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added); *see also* Rule 12 of the Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a" *habeas corpus* proceeding.). While there is no rule within this Circuit preventing a litigant from seeking Section 1983 relief and *habeas corpus* relief in the same pleading, *see Thompson v. Choinski*, 525 F.3d 205, 210 (2d Cir. 2008), a litigant may not pursue unrelated claims in the same action, *see* Fed. R. Civ. P. 20(a)(2); *see also Peterson v. Regina*, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) ("Case law makes clear

that '[i]n the absence of a connection between Defendants' alleged misconduct, the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).'" (quoting *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (alterations in original))).

The Court warns Torres that, even though he names no defendants/respondents, it is clear to the Court that none of his four groups of claims – those arising from: (1) his prosecution and conviction; (2) the conditions of confinement in the OCJ; (3) the conditions of confinement in Green Haven; and (4) the alleged actions of OCDSS officials as to the monitoring of his minor children – are related to each other. Thus, to comply with Rule 20(a), Torres must choose one of those groups of claims that he wishes to pursue in this action and file an amended complaint or an amended *habeas corpus* petition in which he pursues that group of claims in this action. *See Thompson*, 525 F.3d at 210 (noting that there is no basis "for the view that a petitioner may not seek relief under both a habeas statute and § 1983 in a single pleading," yet also holding that "even if the district court [was] correct that [the *pro se* litigant] should have styled some of his claims as a civil rights action, if the facts alleged entitled [the litigant] to relief[,] the court should have treated the claims as properly pleaded, *or at least given the petitioner leave to file an amended pleading identifying the proper source of law without dismissing the action*" (emphasis added)). If he wishes, Torres may pursue his other groups of claims in separate actions, one action for each other group of claims.

B.     **Rules 3, 8, and 10 of the Federal Rules of Civil Procedure**

To the extent that Torres wishes to pursue, in this action, claims for damages, injunctive relief, and/or declarative relief under 42 U.S.C. § 1983, and/or claims for such relief under state law, arising from his conditions of confinement at the OCJ, his conditions of confinement in Green Haven, or from the alleged actions of OCDSS officials, his letters are not the proper

manner in which to bring such claims. Under Rule 3 of the Federal Rules of Civil Procedure, "a civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. In addition, under Rule 10 of those rules, a pleading, an example of which is a complaint, *see* Fed. R. Civ. P. 7(a)(1), "must have a caption with the court's name, a title, a file number, and a . . . designation [of what type of pleading it is;] [t]he title of the complaint must name all the parties," Fed. R. Civ. P. 10(a). Moreover, under Rule 8 of those same rules, a complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3).

In light of Torres's *pro se* status, and to the extent Torres wishes to pursue, in this action, claims for damages, injunctive relief, and/or declaratory relief under Section 1983, and/or under state law, for one of the applicable groups of claims mentioned above, the Court grants Torres leave to file an amended complaint in which to assert those claims. Torres's amended complaint must: (1) have a caption in which he names himself as the plaintiff and the parties that he wishes to sue as the defendants; (2) be labeled as an "amended complaint" and; (3) include, on its first page, this action's docket number (1:24-CV-0411 (LTS)). It must also include a short and plain statement of facts that show the court's basis of jurisdiction to consider this action, plus a short and plain statement of facts as to his claims that show that he is entitled to relief, and he must specify what type of relief (monetary damages, injunctive relief, and/or declaratory relief) he seeks as to those claims.

**C.     *Habeas corpus* relief**

To the extent, however, that Torres challenges his conviction issued by what appears to be the County Court, Orange County, and/or the associated sentence, the Court understands such claims as seeking *habeas corpus* relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a) ("[A]

5

district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) ("The plain language of the pertinent statutes indicates . . . that . . . a state prisoner may challenge either the imposition or the execution of a sentence under Section 2254."). If Torres does not want to pursue relief under Section 2254, he may abandon such claims by filing an amended complaint in which he asserts only claims under Section 1983 and/or claims under state law. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003) (district courts should give a *pro se* litigant notice, and an opportunity to withdraw his claims for Section 2254 *habeas corpus* relief filed in a mislabeled submission, before the court proceeds with such claims). Torres generally has only one opportunity, within the applicable limitations period, to seek the adjudication of the merits of his claims challenging his Orange County conviction and/or the associated sentence, under Section 2254.[3] *See* 28 U.S.C. § 2244(b)(2), (3) (discussion of standard for court of appeals's required authorization in order for the district court to consider a second or successive Section 2254 petition).

If Torres does not wish to pursue, in this action, his claims under Section 1983 and/or under state law, but rather, wishes to pursue *habeas corpus* relief under Section 2254, the Court alternatively grants Torres leave to file an amended petition for a writ of *habeas corpus* under Section 2254. The amended petition must name, as the respondent, the state officer who has custody of Torres, *see* Rule 2(a) of the Rules Governing Section 2254 Cases, who is usually the

---

[3] There is a one-year limitations period in which to seek Section 2254 *habeas corpus* relief. *See* 28 U.S.C. § 2244(d)(1). The pendency of this action does not toll the applicable limitations period in which to bring another separate civil action seeking Section 2254 *habeas corpus* relief.

Superintendent or Warden of the correctional facility where the person seeking such relief is incarcerated. The amended petition must also: (1) specify all of Torres's grounds for Section 2254 *habeas corpus* relief; (2) state the facts that support the Court granting him such relief; (3) state the relief requested (such as his release, dismissal of his conviction, and/or reduction of his sentence); (4) be either "printed, typewritten, or legibly handwritten"; and (5) "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner." Rule 2(c) of the Rules Governing Section 2254 Cases.

A state prisoner must further show, in his Section 2254 *habeas corpus* petition, that he had already exhausted all of his available state-court remedies, as to the relief he seeks in petition, before he filed his petition in a federal district court. *See* § 2254(b)(1)(A); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion rule requires that a *habeas corpus* petitioner give the state courts the first opportunity to review any constitutional errors associated with that petitioner's confinement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through the state courts' established appellate review process. *Id.* at 845. "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

In order to exhaust available remedies within the courts of the State of New York for the purpose of federal *habeas corpus* review, a petitioner must directly appeal his judgment of conviction to the New York Supreme Court, Appellate Division. *See* N.Y. Crim. Proc. Law. § 460.70. Should that court's decision adversely affect the petitioner, he should then seek leave to appeal from the New York Court of Appeals, the highest court in the State of New York. *See*

N.Y. Crim. Proc. Law § 460.20; *Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If a petitioner cannot assert grounds for *habeas corpus* relief in his direct appeal, he should raise such grounds in a motion filed in the trial court under Section 440.10 of the New York Criminal Procedure Law and/or in another type of state court post-conviction collateral motion or application. If unsuccessful, the petitioner must then seek leave to appeal from the Appellate Division or, if appropriate, from the New York Court of Appeals. *See Green v. New York*, No. 14-CV-2073 (RJS) (KNF), 2016 WL 7338415, at *5 (S.D.N.Y. Dec. 19, 2016); *Ramos v. Walker*, 88 F. Supp. 2d 233, 234-35 (S.D.N.Y. 2000).

Torres alleges no facts showing that he has exhausted his available state-court remedies. Thus, should he file an amended petition for Section 2254 *habeas corpus* relief, he must comply with Rule 2 of the Rules Governing Section 2254 Cases, as specified above, as well as allege facts showing that he exhausted the available state-court remedies before bringing this action.

## CONCLUSION

With respect to Torres's claims for damages, injunctive relief, and/or declaratory relief under 42 U.S.C. § 1983 and/or under state law, the Court grants Torres leave to file an amended complaint that complies with the standards set forth above. If Torres seeks such relief, he must submit the amended complaint to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:24-CV-0411 (LTS). An amended complaint form is attached to this order. No summonses will issue at this time. If Torres fails to comply within the time allowed as to his claims under Section 1983 and/or state law and cannot show good cause to excuse such failure,

and if he does not otherwise abandon such claims by filing an amended petition for *habeas corpus* relief, the Court will dismiss these claims without prejudice.[4]

In the alternative, to the extent that Torres seeks *habeas corpus* relief under 28 U.S.C. § 2254, the Court grants him leave to file an amended petition that complies with the standards set forth above. If Torres seeks Section 2254 *habeas corpus* relief, he must submit his amended petition to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as "Amended Petition," and label the document with docket number 1:24-CV-0411 (LTS). An Amended Petition for relief under Section 2254 is also attached to this order. If Torres fails to comply with this order within the time allowed as to his claims for Section 2254 *habeas corpus* relief and cannot show good cause to excuse such failure, and if he does not otherwise abandon such claims by filing an amended complaint as specified above, the Court will dismiss his claims for *habeas corpus* relief without prejudice.[5]

Torres should not assert, in either his amended complaint or his amended petition in this action, claims that he has already asserted in other federal civil actions that are pending.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[4] If Torres files an amended complaint for damages, injunctive relief, and/or declaratory relief under Section 1983 and/or state law, it will constitute, in this action, an abandonment of his claims for *habeas corpus* relief. Such an abandonment in this action does not preclude Torres for asserting such claims in a separate civil action in which he seeks *habeas corpus* relief.

[5] If Torres files an amended petition for Section 2254 *habeas corpus* relief instead of an amended complaint seeking relief under Section 1983 and/or state law, the Court will understand that Torres affirmatively seeks relief only under Section 2254. Abandoning claims under Section 1983 and/or state law in this action does not preclude Torres for asserting such claims in a separate civil action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 15, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge