LAMARCHE SAFRANKO LAW
PLLC

October 21, 2026

**Via ECF and Email**

Hon. Cathy Seibel
United States District Judge
Southern District of New York
chambersnysdseibel@nysd.uscourts.gov

Re: *Torres v. Camacho, et al., No. 7:24-cv-00411 (CS)*
*Request for Pre-Motion Conference on Anticipated Motion for Summary Judgment; Request for Order to Respond to Interrogatories and for Extension of Discovery Deadlines*

Dear Your Honor:

This firm represents Defendants Christopher Bowman, Jonathan Camacho, and Francisco Moreira (the "Moving Defendants"). Pursuant to Your Honor's Individual Rules of Practice and the Civil Case Discovery Plan and Scheduling Order, I write to request a pre-motion conference on the Moving Defendants' anticipated motion for summary judgment. I also respectfully request that the Court issue an Order directing Plaintiff to provide outstanding interrogatory responses, and grant a limited extension of the fact discovery deadline. I respectfully ask that these matters be addressed at the case management conference scheduled for November 4, 2026 at 11:15 a.m.

## I. The Anticipated Motion for Summary Judgment

Plaintiff, an incarcerated individual proceeding *pro se*, alleges that he was assaulted and otherwise mistreated by several corrections officers, including the Moving Defendants, during intake processing at Green Haven Correctional Facility on January 29, 2024. Plaintiff also alleges that he was sexually assaulted in a shower by co-defendant Zamor. The Moving Defendants deny the allegations. The record developed to this point supports summary judgment on at least the following grounds.

*Failure to exhaust administrative remedies.* The Prison Litigation Reform Act requires a prisoner to exhaust available administrative remedies before suing over prison conditions, including alleged excessive force. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion must be "proper," meaning in compliance with the grievance program's deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). DOCCS's grievance program requires a grievance within 21 days of the occurrence and bars any exception to that deadline more than 45 days after the occurrence. DOCCS Directive 4040 §§ 701.5(a)(1), 701.6(g)(1)(i)(a). The grievance records in this case do not reflect a timely grievance, or an appeal

LAMARCHE SAFRANKO LAW
PLLC

to the Central Office Review Committee, concerning the non-sexual-abuse claims Plaintiff asserts against the Moving Defendants. The directive's separate rule deeming allegations of sexual abuse and sexual harassment exhausted once reported does not reach those claims. Nor do Plaintiff's letters to DOCCS officials and others satisfy the exhaustion requirement. Under the directive, a letter to facility or Central Office staff "is not a grievance." Id. § 701.2(a); *see Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007).

*Lack of personal involvement.* A Section 1983 plaintiff must establish that each defendant, through his own individual actions, violated the Constitution. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Plaintiff acknowledged at his deposition that Officer Bowman never physically touched him, and the remaining allegations against Officer Bowman are conclusory or do not rise to a constitutional violation. More broadly, many of Plaintiff's allegations are directed collectively at "all four officers" without evidence of any particular Moving Defendant's personal involvement.

*Claims that fail as a matter of law.* Several claims fail regardless of the facts. Any due process claim for lost or destroyed property is barred because New York provides an adequate post-deprivation remedy in the Court of Claims. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Valde-Cruz v. Russo*, No. 20-CV-9240 (KMK), 2024 WL 809903, at *8 (S.D.N.Y. Feb. 27, 2024) (citing *Hudson* and noting that "District courts thus routinely dismiss claims by inmates who assert that they were deprived of property by corrections officers in New York."). Allegations of verbal harassment by a correctional officer, without more, are not actionable under Section 1983. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) ("The claim that a prison guard called [incarcerated plaintiff] names also did not allege any appreciable injury and was properly dismissed.").[1]

## II. Request for Order Requiring Plaintiff to Serve Interrogatory Responses

On May 4, 2026, in accordance with the Scheduling Order, the Moving Defendants served their First Set of Interrogatories on Plaintiff by mail. Plaintiff's responses were due by June 8, 2026. See Fed. R. Civ. P. 6(d), 33(b)(2). To date, Plaintiff has served no responses or objections. The interrogatories seek information bearing directly on the issues identified above, including the administrative remedies Plaintiff pursued and the specific conduct he attributes to each Moving Defendant. Accordingly, the Moving Defendants respectfully request that the Court require Plaintiff to serve responses to the Moving Defendants' interrogatories, and, if no such responses are provided, grant the Moving Defendants leave to file a formal motion to compel.

[1] The Moving Defendants respectfully reserve the right to raise additional grounds, including qualified immunity and the merits of Plaintiff's remaining claims, after reviewing the deposition transcript and Plaintiff's interrogatory responses.

987 New Loudon Road • Cohoes, New York 12047 • phone: (518) 982-0770 • fax: (518) 982-0773
WWW.LAMARCHESAFRANKOLAW.COM

LAMARCHE SAFRANKO LAW
PLLC

**III. Request for a Limited Extension of Discovery Deadlines**

The Scheduling Order sets October 30, 2026 as the deadline for both fact discovery (¶ 4) and expert discovery (¶ 5). It is respectfully submitted that good cause exists for a short extension. Plaintiff's deposition was taken on September 8, 2026, but the Moving Defendants have not yet received the transcript from the court reporter, and Plaintiff will be entitled to review it under Fed. R. Civ. P. 30(e). Plaintiff's interrogatory responses also remain outstanding. Both are needed for a complete summary judgment record. The Moving Defendants have not made any prior requests for extensions of the dates set forth in the Scheduling Order.

The Moving Defendants therefore request that the deadline for fact discovery be extended to December 18, 2026, solely to allow the Moving Defendants to obtain Plaintiff's interrogatory responses and the deposition transcript, and that a summary judgment briefing schedule be set at the November 4 conference or following the close of the extended period.

I thank the Court for its consideration of these requests.

Respectfully Submitted,

s/ Joshua R. Friedman, Esq.
LAMARCHE SAFRANKO LAW PLLC
*Attorneys for Defendants Bowman, Camacho, and Moreira*

cc (Via First Class Mail):

Jesus Torres
24B0433
Auburn Correctional Facility
P.O. Box 340
Auburn, NY 13021